UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDY RALPH WEAVER, JR.,

        Plaintiff,                          Case No. 1:14-cv-776

v.                                               Honorable Paul L. Maloney

DANIEL HEYNS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis* without prepayment of fees. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed.

---

[1] Plaintiff also purports to bring this action pursuant to the the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, but that act does not create an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Instead, it "'enlarge[s] the range of remedies available in the federal courts[.]'" *Id.* (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). "A federal court accordingly 'must have jurisdiction already under some other federal statute' before a plaintiff can 'invok[e] the Act.'" *Id.* (quoting *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir.2007)). The other statute on which Plaintiff relies is 42 U.S.C. § 1983.

**Factual Allegations**

Plaintiff Randy Ralph Weaver, Jr. is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC). He sues the Director of the MDOC, Daniel Heyns, and the Governor of the State of Michigan, Rick Snyder.

Plaintiff alleges that, while he was on parole for his state conviction, he was arrested on charges that he violated state law and the terms of his parole. The state-law charges were dropped and/or dismissed on January 8 and July 9, 2013. A parole-revocation hearing was held on September 3, 2013, at which all of the parole-violation charges were dismissed, except for one: possession of a firearm. At the conclusion of the hearing, Plaintiff was found guilty of the charge, his parole was revoked, and he given a 60-month "continuance," which means that the parole board will not consider him for parole for 60 months. (*See* Compl. 8, docket #1.)

In this action, Plaintiff asserts that his imprisonment and the continuance are based on MDOC policies that are invalid. For instance, MDOC Policy Directive 06.05.104 provides that the parole board "may reconsider a prisoner [for parole] at 60 month intervals" if the prisoner "had a prior parole revoked for violating a condition of parole prohibiting ownership or possession of a firearm . . . ." *Id.* at ¶ X (effective Mar. 1, 2013). In addition, MDOC Policy Directive 06.06.100 states that a parolee "<u>shall</u> be returned to custody for parole violation processing . . . if s/he is charged with violating a condition of parole prohibiting ownership or possession of a firearm . . . ." *Id.* at ¶ H(3) (effective Mar. 1, 2013).

Plaintiff claims that the foregoing policies are unconstitutional because: (1) they allow for a sanction of imprisonment for five years without conviction of a crime, thereby violating Plaintiff's right to due process; (2) they were implemented without proper legislative or judicial

- 2 -

authority, which violates the doctrine of separation of powers; and (3) they constitute an unlawful bill of attainder.

Plaintiff sues Director Heyns because Heyns enforces the foregoing policies and failed to ensure that Plaintiff would not be deprived of his constitutional rights. Plaintiff sues Governor Snyder because Snyder appointed Director Heyns, allowed him to implement the foregoing policies, and failed to supervise him.

As relief, Plaintiff seeks a declaration that the aforementioned policies are unconstitutional and an injunction prohibiting Defendants from implementing them. (Compl. 12, docket #1.)

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

In seeking an order that the challenged policies are unconstitutional and should not apply to him, Plaintiff ostensibly challenges both the fact that his parole was revoked and the fact that he is not eligible for parole consideration for 60 months. Neither challenge states a viable claim in these proceedings.

### A. Revocation of Parole

To the extent that Plaintiff challenges the policies because they resulted in the revocation of his parole, his challenge is not cognizable in these proceedings. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). As the Sixth Circuit has explained:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Heck*,

> the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original, parallel citations omitted).

The principles espoused in *Heck* have been applied to § 1983 actions challenging state parole revocation proceedings. *See Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996). In addition, *Heck* applies to actions for declaratory and injunctive relief. *See Edwards*, 520 U.S. at 646-48; *see also Hall v. Bradley*, No. 94–5245, 1994 WL 443234, at *1 (6th Cir. Aug.16, 1994) ("It is well established in this circuit that a declaratory action [under 28 U.S.C. § 2201] cannot be used as a substitute for the statutory habeas corpus procedure."). Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision; thus, to the extent that his action concerns the revocation of his parole, his claim is barred by *Heck* until the parole decision is set aside by state or federal proceedings.

Plaintiff's claim may be cognizable in a habeas corpus proceeding, but the Court declines to construe his action as a petition for a writ of habeas corpus. A prisoner's *pro se* action for declaratory judgment should not be construed by a federal district court as a petition for writ of habeas corpus. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not construing a civil action as one seeking

habeas relief include (1) potential application of *Heck*, 512 U.S. at 477, (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). The Antiterrorism and Effective Death Penalty Act (AEDPA) has created a number of "pitfalls" for prisoners who use the wrong procedural vehicle in attacking their conviction or sentence. *Bunn,* 309 F.3d at 1007. Conversion of a prisoner's civil action to a habeas petition "triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions." *Id.*; *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) ("Converting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim . . . ." (internal citations omitted)).

In sum, insofar as Plaintiff's claim implies that his parole was improperly revoked, it must be dismissed. *See Barnes v. Lewis*, No. 93–5698, 1993 WL 515483 (6th Cir. Dec.10, 1993) (dismissal is appropriate where a civil action seeks equitable relief and challenges fact or duration of confinement).

### B. Continuance of Parole Decision

Alternatively, to the extent that Plaintiff challenges the policies insofar as they permit a 60-month continuance of parole consideration, his claim is not barred by *Heck*. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner where success in the action would not necessarily spell immediate or speedier release for the prisoner. *Id.* at 82; *see also Thomas,* 481 F.3d at 439-40 (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).

A successful challenge to policies that permit a continuance would not necessarily imply that the fact or duration of Plaintiff's confinement is invalid. Instead, it would imply that Plaintiff is entitled to an earlier parole hearing. Consequently, *Heck* does not apply in this instance. Nevertheless, Plaintiff fails to state a claim.

Plaintiff asserts that the challenged policies violate his right to due process, violate the separation of powers doctrine, and constitute an unlawful bill of attainder. Stated as violations of federal law, these claims are facially meritless. First, the challenged policies do not violate Plaintiff's right to due process. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006).

Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. *Id.* at 1164-65; *see also Crump v. Lafler*, 657 F.3d 393, 404

(6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *Crump*, 657 F.3d at 404. In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest in obtaining parole, a policy extending the interval between parole determinations does not violate his right to due process.

Plaintiff also claims that the policy is invalid under the separation of powers doctrine. To the extent that Plaintiff states any claim, however, it is a claim arising under the state constitution and not the federal constitution. Defendants are employees of the State of Michigan. The Supreme Court has held that "the concept of separation of powers embodied in the United States Constitution is not mandatory in state governments." *Sweezy v. New Hampshire*, 354 U.S. 234, 254 (1957). The Michigan Constitution prohibits members of one branch of the state government from exercising powers belonging to another, *see* Mich. Const. art. 3, § 2, but § 1983 is not addressed to remedying violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton*, 27 F.3d at 1166. Moreover, to the extent that Plaintiff's complaint states a claim arising under state law, the Court declines to exercise supplemental jurisdiction over such claims.

Finally, Plaintiff asserts that the policies constitute an unlawful bill of attainder.

> "A bill of attainder is 'a legislative act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial.' *United States v. O'Brien,* 391 U.S. 367, 383 n.30 (1968). 'The proscription against bills of attainder reaches only statutes that inflict punishment on the specified individual or group.' *Selective Serv. Sys. v. Minnesota Pub. Interest Group,* 468 U.S. 841, 851 (1984)."

*Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1991) (quoting *Gardner v. City of Columbus,* 841 F.2d 1272, 1278 (6th Cir. 1988)) (parallel citations omitted). Assuming that the Bill of Attainder Clause applies to a state's prison policies, as opposed to a state statute, Plaintiff does not allege that the policies at issue were enacted for the purpose of punishing him without trial.

For all the foregoing reasons, therefore, Plaintiff fails to state a federal claim.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action under federal law will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's state-law claims, if any, will be dismissed because the Court declines to exercise supplemental jurisdiction over such claims. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

- 9 -

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A Judgment consistent with this Opinion will be entered.


Dated:   October 2, 2014           /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                Chief United States District Judge